# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DMK PHARMACEUTICALS CORP., *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10153 (MFW)<br>(Jointly Administered) |
| DMK PHARMACEUTICALS CORP, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>USWM, LLC,<br><br>Defendant. | Adv. Pro No. 24-50071 (MFW) |

**PLAINTIFFS' MOTION FOR ENTRY OF ORDER STAYING ADVERSARY PROCEEDING PENDING CONFIRMATION OF CHAPTER 11 PLAN**

Debtors in the above-captioned jointly administered chapter 11 cases and plaintiffs herein, DMK Pharmaceuticals Corporation ("DMK") and Adamis Pharmaceuticals Corporation ("Adamis Pharma") (DMK and Adamis Pharma are collectively referred to as "Plaintiffs"), hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), staying this adversary proceeding pending confirmation of the Debtors' Chapter 11 Plan (hereinafter defined). In further support of the Motion, the Plaintiffs respectfully represent as follows:

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) DMK Pharmaceuticals Corporation ("DMK") (9727) (ii) Adamis Corporation ("Adamis") (4912); (iii) Adamis Pharmaceuticals Corporation ("Adamis Pharma") (9663); (iv) Biosyn, Inc. ("Biosyn") (4982); (v) Rhombus Pharmaceuticals Corp. ("Rhombus") (6127); and (vi) US Compounding, Inc. ("USC") (7460) (collectively referred to as the "Debtors"). The Debtors' mailing address is: 50 Division Street, Suite 501, Somerville, NJ 08876, with copies to Nelson Mullins Riley & Scarborough LLP, Attn: Lee Hart, Atlantic Station, Suite 1700, 201 17th Street NW, Atlanta, GA 30363; and Gellert Seitz Busenkell & Brown LLC, Attn: Michael Busenkell, 1201 N. Orange Street, Suite 300**,** Wilmington, DE 19801.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are sections 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and the Court's inherent power to control its docket.

3. The Plaintiffs confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

4. On February 2, 2024 (the "Petition Date"), the DMK and its affiliated subsidiaries including without limitation, Adamis Pharma, (collectively, the "Debtors") filed separate voluntary petitions under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession, pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5. Pursuant to an order entered by the Court on February 6, 2023, the Debtors' estates are being jointly administered, as provided for in Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") [D.I. 23].

6. On February 20, 2024, an official committee of unsecured creditors (the "Committee") was formed in these Chapter 11 Cases [D.I. 56].

7. USWM serves as a member of the Committee.

8. To date, no request has been made for the appointment of a trustee or an examiner.

9. The Debtors are composed of a family of pharmaceutical companies that own various therapies treating different indications. Over time, the Debtors' portfolio of treatments focused on treatment of the opioid epidemic, both in an emergency setting and in the prophylactic treatment of Opioid Use Disorder. However, various prepetition events burdened the Debtors with liabilities that render their businesses in their current state no longer viable. The Debtors' intent was to utilize these Chapter 11 Cases to reorganize their balance sheets, refocus their businesses, and monetize commercial and investigatory assets to create value for their estates. Further information regarding the Debtors and the events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Declaration of Seth Cohen, Chief Financial Officer of DMK Pharmaceuticals Corporation in Support of Debtors' Chapter 11 Petitions and First Day Motions [D.I. 4].

10. At the outset of these Chapter 11 Cases, the Debtors received a term sheet from a party interested in licensing the Debtor's interests in its valuable commercial therapy, Zimhi, which if consummated, would have resulted in a substantial benefit to the Debtors' estates and their creditors. Among other things, this term sheet required the Debtors to reorganize under Chapter 11 to provide certain services and benefits for the licensee.

11. The Debtors and Committee undertook a lengthy negotiation to allocate the projected post-confirmation revenue arising from the license between post-confirmation operations and funds available for creditors. Unfortunately, the parties were unable to reach a

deal, leading the Debtors to focus on the sale process they commenced pre-petition and continued to pursue after the Petition Date, first informally, and then formally, as described below.

12. Even though the Debtors hoped to confirm a Chapter 11 plan of reorganization and were negotiating with the Committee in furtherance thereof, the Debtors recognized that their assets would need to be sold if a deal was not possible. On March 21, 2024, Debtors formalized their informal sale process by filing their Motion for Entry of (I) an Order (A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and Hearing on the Approval of the Sale of All or a Substantially All of the Debtors' Assets, (C) Approving the Manner of Notice Thereof, and (D) Granting Related Relief; and (II) (A) Authorizing And Approving The Debtors' Entry Into An Asset Purchase Agreement, (B) Authorizing The Sale Of All Or Substantially All Of The Debtors' Assets Free And Clear Of All Encumbrances, (C) Approving The Assumption And Assignment Of The Assumed Contracts, And (D) Granting Related Relief [D.I. 167].

13. On April 4, 2024, the Court entered an Order granting the Sale and Bid Procedures Motion [D.I. 226] (the "Bid Procedures Order"), and (A) approving certain bidding procedures [D.I. 226-1] for the sale or sales of all or substantially all of the Debtors' assets or any portion thereof (the "Assets"), free and clear of all liens, claims, encumbrances, setoff rights and other interests and the Sale Notice [D.I. 226-2]; (B) authorizing the Debtors to conduct, and approving the terms and conditions of the auction (the "Auction"), if necessary, as set forth in the Bid Procedures Order to consider offers for the Sale of the Debtors' Assets, establishing a date for the Auction; and (C) establishing certain procedures for the assumption and assignment of certain executory contracts and unexpired leases [D.I. 226-3] (collectively, the "Sale Process").

14. At the conclusion of the Sale Process, the Debtors received only one (1) Qualified Bid (as defined therein), such bid being for the Debtors' assets relating to its Zimhi business. With no other bids pending for the balance of the Debtors' assets, the Debtors adjourned the Auction. *See* D.I. 269.

15. On May 8, 2024, after notice and hearing, the Court entered an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Certain Related Relief [D.I. 295]. On May 16, 2024, the sale of Debtors' Zimhi Assets to ZMI Pharma, Inc. pursuant to the Asset Purchase Agreement attached as Exhibit 1 to the Sale Order [D.I. 295-1] closed, and the Debtors conveyed the Zimhi Assets (as defined in the Asset Purchase Agreement) to the purchaser, resulting in approximately $3.2 million of cash deposited into the Debtors' estates.

16. Following the sale of the Zimhi Assets, the Debtors and the Committee continued their negotiations regarding a potential chapter 11 plan.

17. On June 3, 2024, Plaintiffs filed their adversary complaint in the above-captioned action against USWM for, among other things, breach of the Agreement *See* Case No. 24-50071 (MFW), at D.I. 1 (the "Complaint").

18. The Debtors and the Committee have now reached an agreement regarding the material terms of a chapter 11 plan of liquidation (the "Chapter 11 Plan") that will, among other things, result in the appointment of a liquidating trustee to oversee the administration of the Debtors' assets, including the causes of action set forth in the Complaint.

**RELIEF REQUESTED**

19. The Debtors seek entry of an order staying all deadlines in this adversary proceeding until thirty (30) days following entry of an order confirming the Chapter 11 Plan or

5

denying confirmation of the Chapter 11 Plan in the main bankruptcy case (Jointly Administered (Case No. 24-10153 (MFW)) or October 1, 2024, whichever is earlier.

## BASIS FOR RELIEF REQUESTED

20. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants: How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In considering a stay, courts often weigh "the interests of good case management and the public interest in determining whether a stay of an action should issue." *U.S. Bank Nat'l Ass'n v. Perlmutter (In re South Side House, LLC)*, 470 B.R. 659, 685 (Bankr.E.D.N.Y.2012); *see also In re Webb*, 2017 B.R. 730429 (Bankr. S.D. W. Va. Feb. 23, 2017 ) (granting stay of adversary proceeding and "identifying judicial economy, the hardship and inequity to the moving party absent a stay, and the potential prejudice to the nonmovant" as relevant factors). Section 105(a) of the Bankruptcy Code provides the Court with the discretion to enter such orders as are necessary and appropriate to effectuate the purposes of the Bankruptcy Code.

21. The interests of good case management and judicial economy warrant a stay. At the time the Complaint was filed, the Debtors and the Committee had not agreed upon the material terms of a Chapter 11 Plan and indeed, it was not clear that any agreement would occur. Now that the Debtors and Committee intend to file and confirm a Chapter 11 Plan, it makes little sense for the Debtors to incur fees and costs litigating an adversary proceeding only to turn it over to a liquidating trustee upon confirmation of a Chapter 11 Plan.

22. Defendant will suffer no prejudice from a brief stay of the proceedings to allow confirmation of a Chapter 11 Plan and the installation of a liquidating trustee. Indeed, the Debtors

anticipate that a hearing to consider confirmation of the Chapter 11 Plan will occur in approximately sixty (60) days. Defendant will be free to respond to the Complaint in an appropriate manner at that time. The Debtors understand that Defendant is considering filing a motion to dismiss the complaint. A stay of proceedings will not preclude the Defendant from doing so. This Court will ultimately consider that request on the merits.

23. Plaintiffs have requested that the Defendant consent to the relief requested herein, but Defendant has declined to consent.

## **NO PRIOR REQUEST**

24. No previous request for the relief sought herein has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Plaintiffs respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

[*Signature Page to Follow*]

Dated:  July 3, 2024
      Wilmington, Delaware

GELLERT SEITZ BUSENKELL & BROWN LLC

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5812
Facsimile:  (302) 425-5814
E-mail: mbusenkell@gsbblaw.com

- and –

Lee B. Hart (P*ro Hac Vice Application Forthcoming*)
Adam D. Herring (P*ro Hac Vice Application Forthcoming*)
NELSON, MULLINS, RILEY & SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile:  (404) 322-6050
E-mail:  lee.hart@nelsonmullins.com
      adam.herring@nelsonmullins.com

- and -

Dylan G. Trache (P*ro Hac Vice Application Forthcoming*)
NELSON, MULLINS, RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone: (202) 689-2800
Facsimile:  (202) 689-2860
E-mail:  dylan.trache@nelsonmullins.com

- and -

Rachel A. Sternlieb (P*ro Hac Vice Application Forthcoming*)
NELSON, MULLINS, RILEY & SCARBOROUGH LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
Telephone: (303) 853-9900
Facsimile:  (303) 583-9999
E-mail: rachel.sternlieb@nelsonmullins.com

***Counsel to Plaintiffs DMK Pharmaceuticals Corporation and Adamis Pharmaceuticals Corporation***