# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DMK PHARMACEUTICALS CORP., *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10153 (MFW)<br>(Jointly Administered) |
| DMK PHARMACEUTICALS CORP, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>USWM, LLC,<br><br>Defendant. | Adv. Pro No. 24-50071 (MFW)<br><br>Related to Docket Nos. 18 and 19 |

**PLAITNIFFS' MOTION FOR ENTRY OF ORDER TO SEAL EXHIBITS A AND B TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs DMK Pharmaceuticals Corporation and Adamis Pharmaceuticals Corporation (collectively "Plaintiffs"), hereby move for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In further support of the Motion, Plaintiffs respectfully represents as follows:

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are sections 105(a), 107, and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules

1001-1(c) and 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. The Plaintiffs confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. On June 3, 2024, Plaintiffs filed their adversary Complaint in the above-captioned action against USWM for breach of the parties' Distribution and Commercialization Agreement ("the Agreement"). *See* Case No. 24-50071 (MFW), at D.I. 1. On August 2, 2024, Defendant filed a Motion to Dismiss the Complaint, at D.I. 14. On October 1, 2024, Plaintiffs filed their Opposition briefing. Part of Plaintiff's Opposition concerns two Schedules to the Agreement (Schedules F and B, which are attached as Exhibits A and B to Plaintiffs' Opposition brief) that are the subject of the instant Motion.

5. The express terms of the Agreement require the parties to maintain confidentiality of certain provisions and sensitive business information contained therein and, in the attachments, and addenda thereto. Indeed, the redacted version of the Agreement that was filed with the Complaint is the same version filed both by DMK with its 10-K report filed with the United States Securities and Exchange Commission (the "SEC") and by USWM with its proof of claim filed in DMK's bankruptcy case. *See* Case No. 24-10153 (MFW) Claim No. 74. Although this redacted version of the Agreement includes the two Schedules at issue, the provisions necessary for the Court's consideration of USWM's Motion to Dismiss are redacted, and therefore need to be submitted in unredacted form.

6. Given the foregoing, the Plaintiffs believes that the requirements to maintain confidentiality under the Agreement conflict with the requirements to make all materials publicly available under the Bankruptcy Code. In fact, Section 10.6 of the Agreement expressly obligates the parties thereto keep confidential and redact certain information therein. Following execution of the Agreement, the parties thereto coordinated as required thereunder, and mutually agreed upon redactions to be made to the Agreement, including the relevant Schedules F and B, which was ultimately filed by DMK to the SEC with its 10-K report. That agreed-upon redacted version of the Agreement is the same version that was filed as Exhibit A to the Complaint.

7. The Plaintiffs therefore respectfully request that Schedules F and B be sealed from the Bankruptcy Documents pursuant to Bankruptcy Code section 107(b), which provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information

11 U.S.C. § 107(b(1); *see also* Fed. R. Bankr. 9018 (allowing a bankruptcy court to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information); and Local Rule 9018-1(d)(iii).

8. Although maintaining confidentiality with respect to the Agreement's Schedules is essential, the Plaintiffs understand that it is important for the Court to have a complete and unredacted record with respect to certain documents, including exhibits to its opposition to Defendant's motion to dismiss. The redacted Schedules are attached hereto as **Exhibits B and C**.

9. Absent the relief requested herein, the Plaintiffs may, by fulfilling its duty to disclose information under the Bankruptcy Code, violate the confidentiality provisions of the

Agreement. Accordingly, the Plaintiffs believe that the relief requested herein appropriately balances the need to maintain confidential and sensitive business information with the need for adequate disclosure under the Bankruptcy Code.

10. The Plaintiffs will provide notice of the Motion to: (a) the U.S. Trustee; (b) Counsel for the Committee; and (c) all parties entitled to notice pursuant to Local Rule 2002-1(b). The Plaintiffs submit that no other or further notice is required.

11. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Plaintiffs respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: October 3, 2024
Wilmington, Delaware

GELLERT SEITZ BUSENKELL & BROWN LLC

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5812
E-mail: mbusenkell@gsbblaw.com

- and –

NELSON MULLINS RILEY & SCARBOROUGH LLP
Matthew E. Brown, Esq. (*admitted pro hac vice*)
One Financial Center
Suite 3500
Boston, Massachusetts 02111
Telephone: (617) 217-4619
matt.brown@nelsonmullins.com

*Counsel to Plaintiffs DMK Pharmaceuticals Corporation and Adamis Pharmaceuticals Corporation*